SUMMARY ORDER
Zong Guo Wu, through counsel, petitions for review of the BIA decision affirming the decision of an immigration judge (“IJ”) *471 denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
This Court reviews the IJ’s decision where, as here, the BIA summarily adopted or affirmed the IJ’s decision without opinion. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Jin Hui Gao v. United States Att’y Gen., 400 F.3d 963, 964 (2d Cir.2005); Zhou Yun Zhang v. INS, 386 F.3d 66, 73-79 (2d Cir.2004); Ramsameachire v. Ashcroft, 357 F.3d 169, 178-83 (2d Cir.2004); Secaida-Rosales v. INS, 331 F.3d 297, 306-13 (2d Cir.2003); Diallo v. INS, 232 F.3d 279, 286-88 (2d Cir.2000).
Here, the IJ determined that Wu’s testimony was not credible and conflicted with the statements in his asylum application. Specifically, the IJ found that Wu’s testimony was contradictory and inconsistent with regard to whether he was in hiding during his wife’s third pregnancy, where he was staying, and when he returned to his home. The IJ also found that Wu provided confused testimony as to when his wife’s abortion was actually performed by family planning officials. The IJ considered Wu’s explanation that he was nervous, and compared Wu’s testimonial problems with those of other applicants, finding that Wu’s confusion seemed more like the confusion resulting from a memorized script rather than from real life events. Because the IJ’s reasoning was sound, supported by the record, and based on issues substantially related to Wu’s claim of asylum based on the Chinese family planning policies, Wu’s application for asylum was properly denied. See Secaida-Rosales, 331 F.3d at 307.
Furthermore, the IJ correctly denied Wu’s claim for withholding of removal, as the only evidence of a threat to Wu’s life or freedom depended on his credibility, and the IJ’s adverse credibility finding precluded the grant of withholding of removal. See Wu Biao Chen, 344 F.3d 272, 275 (2d Cir.2003). Moreover, as Wu failed to demonstrate that he would be tortured if returned to China, his claims under the CAT fail as well. 8 C.F.R. § 208.16(c)(2); 8 C.F.R. § 208.18(a); see also Wang v. Ashcroft, 320 F.3d 130, 133 (2d Cir.2003).
For the foregoing reasons, the petition for review is DENIED.